UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIANCA WOFFORD and SUZANN LENNOX, on behalf of themselves, and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br>v.<br><br>APPLE INC., a California corporation; and DOES 1 through 100, inclusive,<br><br>　　　　　　　　Defendants. | Case No. 11-CV-0034 AJB NLS<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Doc. No. 8] |

　　The Defendant Apple Inc.'s filed a motion to dismiss, [Doc. No. 8], the Plaintiffs' First Amended Complaint ("FAC"), [Doc. No. 1]. The Plaintiffs filed an opposition, [Doc. NO. 9], and the Defendant filed a reply, [Doc. No. 12]. The Defendant has also filed a request for judicial notice, [Doc. No. 8-4], of the License agreement. The Plaintiffs have filed objections to this request, [Doc. No. 10], and Defendants have filed a notice in support of its request for judicial notice, [Doc. No. 13]. Based upon the parties moving papers and for the reasons set forth below, the Defendant's motion to dismiss and request for judicial notice[1] are hereby GRANTED.

---

[1] The Court may take judicial notice of the License pursuant to Rule 201 of the Federal Rules of Evidence because Mr. Reigel's declaration is sufficient to demonstrate that the License is what it purports to be and the License has been properly authenticated and is integral to the FAC. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) ("a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which plaintiffs' complaint

### *Background*

On or about November 12, 2010, Plaintiffs Bianca Wofford and Suzann Lennox ("Plaintiffs") filed a class action lawsuit in the California Superior Court for the County of San Diego against Apple Inc. ("Defendant"), alleging five causes of action: (1) violation of the Consumer Legal Remedies Act ("CLRA") (California Civil Code § 1750 *et seq.*); (2) violation of the Unfair Competition Law ("UCL") (Bus. & Prof. Code § 17200, *et seq.*); (3) false and deceptive advertising in violation of Bus. & Prof. Code §17500, *et seq.*; (4) tortious interference with contract; and (5) breach of implied/equitable contract. All causes of action relate to Defendant's release of a software upgrade, iOS 4.0, for its iPhone 3G and iPhone 3GS (collective, "the iPhone") in June 2010. On January 7, 2011, the Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441(a) and § 1453.

### *Legal Standard*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a) (2009). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed.R.Civ.P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir.2001). The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir.1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ––– U.S. ––––, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556).

---

necessarily relies") superseded by statute on other grounds as stated in *Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (judicial notice of a document is appropriate where the "plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint").

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). A court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, ––– U.S. ––––, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the ... laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

*Discussion*

***1. Violation of the Consumer Legal Remedies Act ("CLRA") (California Civil Code § 1750 et seq.)***

California's Consumers Legal Remedies Act ("CLRA") establishes a non-exclusive statutory remedy for unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer. *McAdams v. Monier, Inc.*, 151 Cal.App.4th 674 (2007). Any consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by section 1770 of California's Civil Code, may bring an action against that person to recover actual damages, injunctive relief, restitution of property, punitive damages, and any other relief the court deems proper. *See id.* (citing Cal. Civ.Code § 1780(a)).

In the FAC, Plaintiffs allege that Defendant violated the CLRA by fraudulently inducing Plaintiffs into downloading and installing iOS4 on their Third Generation iPhone devices knowing that the free upgrade would impair the functionality of their iPhone applications reliant upon AT&T's data network. (Doc. No. 1, at ¶42). However, this Court finds that Plaintiffs fail to state a claim under the CLRA, because the *free* download of iOS4 on Plaintiffs' Third Generation iPhone does not meet the CLRA's "sale or lease" requirement. Although the CLRA does not require an enforceable contract between the consumer and the defendant (citations omitted), the transaction must result or be intended to result in the "sale or lease" of goods or services to a consumer. *See McAdams*, 151 Cal.App.4th 674 (2007). Here, the Plaintiffs' original purchase of the iPhone is a separate transaction from their free

upgrade of the iPhone's operating system, which occurred about a year later. The iPhone's software upgrade was not intended to result in a "sale or lease" because it was provided free of charge.

Furthermore, California law does not support Plaintiff's contention that software is a tangible good or service for the purposes of the CLRA. In *Ferrington v. McAfee, Inc.*, 10-CV-01455-LHK, 2010 WL 3910169 (N.D. Cal. Oct. 5, 2010), the court discussed the application of the CLRA to a license for the use of software and concluded that the CLRA expressly limits the definition of "goods" to "tangible chattels," which exclude software from the Acts coverage. (citing *Berry v. American Exp. Publishing, Inc.*, 147 Cal.App.4th 224, 229, 54 Cal.Rptr.3d 91 (Cal.Ct.App.2007)). Additionally, the court found that software is not a "service" for the purpose of the CLRA because software does not fit into the narrow definition of "service" provided in Civil Code § 1761(b), defining service as "work, labor, and services . . ., including services furnished in connection with the sale or repair of goods." This Court will not impose a more liberal interpretation of the Act than the one authorized by the plain meaning of the Act, and, thus holds the CLRA inapplicable to the transaction at hand. In accord with the Defendant's limited warranty representations made in the software license, this Court grants Defendant's motion to dismiss Plaintiff's CLRA claims, without leave to amend.

*2. Unfair and Deceptive Business Practices in Violation of the Unfair Competition Law ("UCL") (Bus. & Prof. Code § 17200, et seq.)*

Plaintiff's claim based on violations of the Unfair Competition Law ("UCL") also fails because it is based on violations of the CLRA. (Doc. 1 ¶51). The only remedies available under the CLRA are restitution and injunctive relief and both are inapplicable here. *Pfizer Inc. v. Superior Court*, 182 Cal. App. 4th 622, 631 (2010). Case law is clear that the loss of use and loss of value of Plaintiffs' iPhones are not recoverable as restitution because they provide no corresponding gain to a defendant. *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 336 (2011). Injunctive relief is inappropriate as well because the Defendant remedied the software defect on September 8, 2010, when it released a patch through iOS4.1. (Doc. 1 ¶43) Accordingly, Defendant's motion to dismiss Plaintiff's UCL claim is hereby GRANTED, without leave to amend.

*3. False and Deceptive Advertising in Violation of Bus. & Prof. Code § 17500, et seq.*

Plaintiffs' third cause of action fails for the same reason as Plaintiff's second cause of action: Plaintiffs have failed to demonstrate that either restitution or injunctive relief, the only remedies available under the statute, apply here against the Defendant. Under the standard set forth in *Madrid v. Perot Systems Corporation*, 130 Cal. App. 4th 440 (2005), a court must dismiss a cause of action that fails to present a viable claim for restitution or injunctive relief. Furthermore, Plaintiff has failed to plead any particular facts showing Defendant's affirmations that iOS4 is fully compatible and does not impair speed or functionality of third generation iPhone devices as required by federal pleading standards. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555(2007). Accordingly, Defendant's motion to dismiss Plaintiffs' third claim is hereby GRANTED, with leave to amend.

*4. Tortious Interference with Contract*

The Court finds that Plaintiffs' have failed to plead specific facts showing that the Defendant either knew of, or intended to, interfere with Plaintiffs' ATTM contracts, thus failing to satisfy *Twombly's* federal pleading requirements. 550 U.S. 544, 555(2007). The Plaintiffs make only conclusory allegations that Apple's purported actions interfered with ATTM's ability to fulfill its obligations under ATTM and plaintiffs' wireless contracts (FAC¶ 69), but they do not identify the specific obligations that were breached, as required by *Twombly*, *Iqbal*, and Rule 9(b).[2] Moreover, because plaintiffs have failed to identify any specific obligations, they have not provided any facts demonstrating that Apple was
aware of the obligations in question or that it intended to prevent those obligations from being fulfilled. *Davis v. Nadrich*, 174 Cal. App. 4th 1, 10-11 (2009) (interference claim failed because plaintiff did not provide any facts demonstrating that defendant was sufficiently aware of the terms of the contract to form a specific intent to harm it).

The Court finds that Plaintiffs' have also failed to allege in what way their ATTM contracts were

---

[2] *See Harford Life Ins. Co. v. Banks*, No. 08cv1279 WQH (LSP), 2009 U.S. Dist. LEXIS 25552, at *16-17 (S.D. Cal. Mar. 25, 2009) (dismissing interference with contract claim because plaintiff failed to allege facts describing the contractual relationship); *Yanik v. Countrywide Home Loans, Inc.*, No. CV 10-6268 CAS (RZx), 2010 U.S. Dist. LEXIS 115717, at *16 (C.D. Cal. Oct. 18, 2010) (same).

breached. Nowhere in the FAC do Plaintiffs claim that ATTM failed to provide wireless services. Rather, the core of Plaintiffs' claim is that iOS 4.0 allegedly degraded the operability of their handset.[3] However, Plaintiffs cannot allege that ATTM guaranteed the operability of phones used on its network, and therefore, these allegations do not establish a breach of contract. Without a breach, plaintiffs have no claim for interference with their ATTM contracts.[4]  Based upon the foregoing, the Defendant's motion to dismiss Plaintiffs' fourth claim is hereby GRANTED, with leave to amend.

*5. Breach of Implied/Equitable Contract*

The Plaintiffs' fifth cause of action for breach of an implied/equitable contract is precluded by the express terms of the software license agreement.  California law is clear that where, as here, there is an express contract that governs the same subject matter as an implied contract, the express contract governs.[5] Even if Plaintiffs were to plead sufficient facts demonstrating the existence of an implied contract, which they have not,[6] these facts fall within the scope of the software operability, which is governed by the download license agreement. Accordingly, Defendant's motion to dismiss is hereby GRANTED, with leave to amend, to the extent there is some other subject matter outside the scope of the download license agreement that forms the basis for a claim of this type .

### *Conclusion*

For the reasons set forth above, Defendant's motion to dismiss, [Doc. No. 8], and request for judicial notice are hereby GRANTED and Plaintiffs' FAC is DISMISSED. If Plaintiffs wish to amend

---

[3] (*See, e.g.*, FAC ¶ 18 (alleging that after downloading iOS 4.0, "the operability of the device" was significantly degraded and the device was no longer reliable.))

[4] *Davis*, 174 Cal. App. 4th at 10 (dismissing interference with contract claim where plaintiff failed to demonstrate that the actions allegedly induced by defendants breached plaintiff's contract).

[5] *Berkla v. Corel Corp.*, 302 F.3d 909, 918 (9th Cir. 2002) ("There cannot be a valid, express contract and an implied contract, each embracing the same subject matter, existing at the same time.") (quoting *Wal-Noon Corp. v. Hill*, 45 Cal. App. 3d 605, 613 (1975)); *Metoyer v. Chassman*, 504 F.3d 919, 936-37 (9th Cir. 2007) (same) (citing *Halvorsen v. Aramark Uniform Servs., Inc.*, 65 Cal. App. 4th 1383, 1388 (1998)).

[6] "A complaint alleging a cause of action for breach of implied contract must state the facts, such as a practice or course of conduct, from which the promise is implied." *Goodrich & Pennington Mortg. Fund, Inc. v. Chase Manhattan Mortg. Corp.*, No. 05-CV-636-L (POR), 2007 U.S. Dist. LEXIS 8307, at *8 (S.D. Cal. Feb. 5, 2007); *see also Connors v. Home Loan Corp.*, No. 08cv1134 L (LSP), 2009 U.S. Dist. LEXIS 48638, at *17-18 (S.D. Cal. June 9, 2009) (plaintiff "failed to plead any facts that might constitute an agreement or meeting of the minds between [the] two parties, and thus [could] not establish an implied contract").

1  //
2  //
3  //
4  //
5  the dismissed claims, they must file a Second Amended Complaint within thirty (30) days of the date
6  this Order.

IT IS SO ORDERED.

DATED: November 8, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge