# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIANCA WOFFORD and SUZANN LENNOX, on behalf of themselves, and all others similarly situated,<br><br>        Plaintiffs,<br>v.<br><br>APPLE INC., a California corporation; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No. 11-CV-0034 AJB (NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND DENYING REQUEST FOR JUDICIAL NOTICE**<br><br>[Doc. No. 33] |

Before the Court is Defendant's motion to dismiss Plaintiffs' Second Amended Complaint ("SAC") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 33]. Plaintiffs filed an opposition, [Doc. No. 42], and Defendant filed a reply, [Doc. No. 43]. Defendant also filed a request for judicial notice, [Doc. No. 33-4]. Based upon the parties moving papers and for the reasons discussed below, Defendant's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART** and Defendant's request for judicial notice is **DENIED.**

## *Factual Background*

On or about November 12, 2010, Bianca Wofford and Suzann Lennox ("Plaintiffs") filed a class action lawsuit in the California Superior Court for the County of San Diego against Apple Inc. ("Defendant"). Plaintiffs alleged five causes of action: (1) violation of the Consumer Legal Remedies Act ("CLRA") (California Civil Code § 1750 *et seq.*); (2) violation of the Unfair Competition Law

("UCL") (Bus. & Prof. Code § 17200, *et seq.*); (3) false and deceptive advertising in violation of Bus. & Prof. Code §17500, *et seq.*; (4) tortious interference with contract; and (5) breach of implied/equitable contract. All causes of action relate to Defendant's release of a software upgrade, iOS 4.0, for its iPhone 3G and iPhone 3GS (collectively, "the iPhone") in June of 2010. On January 7, 2011, the Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441(a) and § 1453.

On November 9, 2011, this Court granted Defendant's motion to dismiss Plaintiffs' First Amended Complaint ("FAC"). Plaintiffs' first and second causes of action were dismissed with prejudice [Doc. No. 16]. On December 8, 2012, Plaintiffs filed a SAC, re-alleging all five causes of action [Doc. No. 17]. On February 1, 2012, the Defendant filed a motion to dismiss Plaintiffs' SAC [Doc. No. 33]. The Plaintiffs filed an opposition to Defendant's motion to dismiss and Defendant has filed a reply. [Doc. Nos. 42 and 43].

## *Legal Standard*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a) (2009). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed.R.Civ.P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir.2001). The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir.1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ––– U.S. ––––, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556).

However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). A court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, ––– U.S. ––––, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). In spite of the

deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the ... laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

### *Discussion*

#### I.   *Defendant's Request for Judicial Notice*

Under Federal Rule of Evidence ("FRE") Rule 201, a Court may take judicial notice of any fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d).

Defendant filed a request for judicial notice of a video recording of the April 8, 2010 Apple Special Event with Steve Jobs' keynote presentation on iPhone iOS 4.0.  The Defendant requests judicial notice of the video because statements made by Mr. Jobs are referenced in the SAC.  However, since the parties have differing interpretations of Mr. Jobs' statements, a reasonable factual dispute appears to exist. (SAC  ¶ 73-75; Def ['s] Mot. to Dismiss p. 8-9). As such, the Defendant's request for judicial notice is hereby DENIED.

#### II.   *Plaintiffs' Claims for Violations of the Consumer Legal Remedies Act ("CLRA") (California Civil Code § 1750 et Seq.) And Unfair Competition Law ("UCL") (Bus. & Prof. Code § 17200 et seq.) Were Previously Dismissed with Prejudice*

Plaintiffs' first and second causes of action were previously dismissed without leave to amend [Doc. No. 8, p. 4:13,24].  Because Plaintiffs were not granted leave to re-allege these causes of action, Defendant's motion to dismiss Plaintiff's CLRA and UCL claims is **GRANTED** and these claims are again **DISMISSED WITH PREJUDICE.**  Plaintiffs are warned that any further inclusion of these claim in future amended pleading will result in the imposition of sanctions.

#### III.   *False and Deceptive Advertising in Violation of Bus. & Prof. Code § 17500, et seq.*

Plaintiffs' third cause of action is for false advertising in violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500–17509.  The FAL proscribes the dissemination of statements that are "untrue, misleading, and which is known, or which by the exercise of

reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500. "This provision has been 'interpreted broadly to embrace not only advertising which is false, but also advertising which although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.' " *Inter–Mark USA, Inc. v. Intuit, Inc.,* No. C–07–04178 JCS, 2008 WL 552482, at *9 (N.D. Cal. Feb. 27, 2008) (quoting *Leoni v. State Bar,* 39 Cal.3d 609, 626, 217 Cal. Rptr. 423, 704 P.2d 183 (1985)).

"The degree of particularity required in pleading a Section 17500 claim depends on the nature of the allegations in the claim. In particular, although fraud is not an essential element of a Section 17500 claim, where a plaintiff alleges fraud as the basis for a violation of that provision, the particularity requirement of Rule 9(b) of the Federal Rules of Civil Procedure applies to the fraud allegations." *Inter–Mark,* 2008 WL 552482, at *9–10 (citing *Vess,* 317 F.3d at 1105). "If that requirement is not met, the court must disregard the fraud allegations to determine whether a claim has been stated under the notice pleading standards of Rule 8(a). Under that standard, a Section 17500 claim need be alleged only with 'reasonable particularity.' " *Id.* (citing *Khoury v. Maly's of Cal., Inc.,* 14 Cal. App. 4th 612, 619, 17 Cal. Rptr. 2d 708 (1993)). In either case, a plaintiff alleging violations of the FAL must allege actual reliance. *See Oestreicher,* 544 F. Supp.2d at 973–74 & n. 7.

### A.   *Plaintiffs Allege Facts Sufficient to Support their Restitution Claim*

The only remedies available under the FAL are restitution and injunctive relief.  Under the standard set forth in *Madrid v. Perot Systems Corporation*, 130 Cal. App. 4th 440 (2005), a court must dismiss a cause of action that fails to present a viable claim for restitution or injunctive relief.  Here, injunctive relief is inappropriate because Defendant remedied the software defect on September 8, 2010, when it released a patch through iOS 4.1.  Plaintiffs, however, allege they are entitled to restitution because the defective iOS 4.0 download provided a corresponding gain to Defendant.  A restitution order against a defendant requires both that money or property was lost by a plaintiff, on the one hand, and that it was acquired by a defendant, on the other.  *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 336 (2011).

Plaintiffs allege Defendant knowingly offered Plaintiffs a software update which would impair the functionality of their iPhone 3G.  Plaintiffs allege Defendant did so because it knew users of the

iPhone 3G would "still [have] time left under the two-year AT&T Mobile service plans [and] would renew those plans and purchase an iPhone 4. . . ." (SAC ¶ 75:13-14). Plaintiffs, however, do not specifically allege that the purchase of the iPhone 4 as a result of the download defect provided a corresponding gain to Defendant. Plaintiffs provides little structure in their pleading, making it difficult to determine whether they alleged facts sufficient to support their causes of action.

Here, although not specifically alleged by Plaintiffs, it can be inferred by Plaintiffs' allegations that Defendant acquired a monetary gain by Plaintiffs' subsequent purchase of the iPhone 4. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("A claim has facial plausibility when the pleaded factual content allows the court to draw the *reasonable inference* that the defendant is liable for the misconduct alleged."). Plaintiffs also allege they suffered actual financial loss and damages due to the loss of use of their iPhone and the "loss of some value of their service agreements with APPLE's exclusive wireless carrier, AT&T. (SAC ¶ 75:22-23). Based upon the foregoing, the Court finds Plaintiffs have alleged facts sufficient to support their claim for restitution and as such, the Defendant's motion to dismiss this claim is DENIED.

### B. *Plaintiffs' Allegations of Defendant's Affirmations of Compatibility are Sufficient for the Pleading Stage*

The Court previously held that "Plaintiffs failed to plead any particular facts showing Defendant's affirmations that iOS 4.0 is fully compatible and does not impair speed or functionality of third generation iPhone devices." [Doc. No. 8, p.5:3-4]. Plaintiffs were given leave to amend the complaint to allege sufficient facts and actual reliance to successfully plead a claim under the FAL. *See Oestreicher,* 544 F. Supp.2d at 973–74 & n. 7.

Here, Plaintiffs stated, "Defendant['s] . . . statements, representations, and inducements are likely to mislead and deceive a reasonable person and *have in fact mislead* and induced thousands of consumers. . . ." Plaintiffs allege they were induced, in part, by statements Steve Jobs made about the compatibility and functionality of the iOS 4.0 and the iPhone 3G.[1] Defendant argues that Mr. Jobs

---

[1] "iOS4 will be the best platform for application developers and will be compatible with iPhone 3G/GS devices. They will run everything, will have improved mail, and include location notifications." (SAC ¶74(a)) (citing Steve Jobs).

actually "stated that the iPhone 3G would not support all the features of iOS 4.0 because 'hardware doesn't support them'. . . ." (Mot. to Dismiss SAC p. 10;13-14) (quoting Steve Jobs).

At the pleading stage, Plaintiffs allegations must be accepted as true[2] and construed in the light most favorable to the Plaintiffs, and all doubts must be resolved in Plaintiffs favor. *Jenkins v. McKeithen,* 395 U.S. 411, 421, *reh'g denied,* 396 U.S. 869 (1969). Whether or not Steve Jobs' comments affirmed the compatibility of the iOS 4.0 and the iPhone 3G is an issue appropriate for summary judgment or trial. This issues is not suitable for disposition at the pleading stage. Here, Plaintiffs complaint sets forth sufficient facts to place Defendant on notice as to the basis of Plaintiffs' claim against Defendant. A review of Plaintiffs' allegations does not support a finding that under no circumstance would Plaintiffs be entitled to relief. *Swierkiewicz,* 534 U.S. at 514. As such, the Defendant's motion to dismiss this claim is DENIED.

### C. *The iOS 4.0 Software License Does Not Preclude Plaintiffs' FAL Claim*

The Defendant contends its iOS 4.O software license precludes Plaintiffs' FAL claim. The Defendant argues it provided the download "as-is," "as available," and "with all faults." (Def. Mot. to Dismiss SAC, p. 10:11-12) (citing Reigel Decl. Ex. A at §§ 7.3, 7.4). Further, Defendant argues it neither warranted that the download would meet Plaintiffs' requirements, nor that it would be error free and compatible or work with any third party software. *Id.* at 12-14.

To establish a violation of the FAL, Plaintiffs must show statements by Defendant that are likely to deceive a reasonable consumer. *Williams v. Gerber Products Co.,* 439 F. Supp.2d 1112, 1115 (S.D. Cal. 2006); *see Consumer Advocates v. Echostar Satellite Corp.,* 113 Cal. App. 4th 1351, 1358-1360, 8 Cal. Rptr. 3d 22 (2003); *Freeman v. Time, Inc.,* 68 F.3d 285, 289 (9th Cir.1995). Under these California laws even true statements may be actionable if "couched in such a manner that it is likely to mislead or deceive the consumer, such as by failure to disclose other relevant information . . . ." *Day v. AT & T Corp.,* 63 Cal. App. 4th 325, 332-33, 74 Cal. Rptr. 2d 55 (1998). "Likely" to deceive requires that deception is "probable," not merely "possible." *See Williams,* 439 F. Supp. 2d at 1115. A claim may be dismissed pursuant to Rule 12(b)(6) if no reasonable consumer would be deceived or misled. *Id.*

---

[2] *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976).

Defendant cites a few cases, including *Ford v. Hotwire, Inc.* and *Janda v. T-Mobile USA, Inc*, to support its argument that its software provision preclude Plaintiffs' FAL claim.[3] The instant action is distinguishable from these cases, however, as the question at issue is not whether Defendant's representations were "likely to deceive" or whether "no reasonable consumer would be deceived," but rather whether the software license precludes the claim. *Ford v. Hotwire, Inc.*, 07-CV-1312HNLS, 2007 WL 6235779 (S.D. Cal. Nov. 19, 2007); *Janda,* 378 Fed. App'x at 707. Plaintiffs have alleged facts sufficient to show that they were deceived by Defendants representations. Moreover, Defendant's do not argue this point, but solely focus on the fact that the claim is barred by the license agreement. Because the cases cited by Defendant are distinguishable here, and because Defendant does not contend that Plaintiffs failed to allege facts to support its FAL claim, Defendant's motion to dismiss Plaintiffs' third cause of action is hereby **DENIED**.

### IV. Tortious Interference with Contract

The Court previously held that Plaintiffs FAC failed to allege facts sufficient to show Defendant caused AT&T Mobile ("AT&T" or "ATTM") to breach its contract with Plaintiffs. Plaintiffs fail to meet this pleading standard in their SAC. Plaintiffs make only conclusory allegations that Defendant's purported actions interfered with ATTM's ability to fulfill its obligations under its wireless contract with Plaintiffs (FAC¶ 69). Further, Plaintiffs do not identify the specific obligations that were breached, as required by *Twombly*, *Iqbal*, and Rule 9(b).[4] Plaintiffs state, "Apple's conduct knowingly and

---

[3] In *Ford*, the Court concluded that the plaintiff's complaint failed to allege a plausible claim that a reasonable consumer would be likely to be deceived. *Ford v. Hotwire, Inc.*, 07-CV-1312HNLS, 2007 WL 6235779 (S.D. Cal. Nov. 19, 2007). Hotwire expressly stated that its quoted rate does not include certain charges, such as resort fees, that a hotel may impose directly. Although Ford contended that these disclosures are nonetheless misleading because Hotwire characterizes as "special" a fee that it allegedly knew was "mandatory," Plaintiff's complaint acknowledges that both the amount and mandatory nature of the resort fee at issue here is readily available public information disclosed on the hotel's own website. Thus the Court concluded that no reasonable consumer would be deceived.
Defendant also cites *Janda v. T-Mobile USA, Inc*, 378 Fed. App'x 705, 707 (9th Cir. 2010), where the FAL claim failed because the parties' contract specifically disclosed that such fees would be charged. The court found that because Plaintiffs had "not demonstrated above a speculative level that any of T–Mobile's 'advertising' is likely to deceive members of the public, they have not stated a claim for a fraudulent business practice under the . . . FAL." *Id.* at 707.

[4] *See Harford Life Ins. Co. v. Banks*, No. 08cv1279 WQH (LSP), 2009 U.S. Dist. LEXIS 25552, at *16-17 (S.D. Cal. Mar. 25, 2009) (dismissing interference with contract claim because plaintiff failed to allege facts describing the contractual relationship); *Yanik v. Countrywide Home Loans, Inc.*, No. CV 10-6268 CAS (RZx), 2010 U.S. Dist. LEXIS 115717, at *16 (C.D. Cal. Oct. 18, 2010) (same).

intentionally impaired AT&T's ability to perform on its data service plan for class members in violation of California decisional common law." Plaintiffs further state that "Defendant . . . materially interfere[d] with AT&T[s] ability to provide its wireless data and cellular services for each person who owned a 3G/3GS device with an AT&T Account and who downloaded the iOS 4.0 Operating system software . . . ."

Plaintiffs allege their iPhones began to experience problems after the installation of the iOS 4.0. Plaintiffs go on to list the various problems experienced by their iPhones, but allege no facts to support that the problems were actually due to ATTM's failure to provide services. Plaintiffs' allegations appear similar to their allegations in the FAC. In the FAC, Plaintiffs alleged the iOS 4.0 degraded the operability of their handset. Here, Plaintiffs allegations merely attempt to mask those same allegation. Moreover, in an attempt to prove Defendant was aware of the obligations between Plaintiff and AT&T, Plaintiffs allege that "AT&T already had redirected hundreds of consumer complaints to Apple." From this statement, however, an inference could be drawn that AT&T redirected consumer complaints to Apple because the alleged problems stemmed from the handset, not ATTM's telephone/data service.

Plaintiff cannot allege AT&T guaranteed the operability of phones used on its network. Therefore, these allegations do not establish a breach of contract. Without a breach, Plaintiffs have no claim for interference with their ATTM contracts.[5] The Court therefore need not reach a conclusion as to whether Defendant was aware of the obligations in question or that it intended to prevent those obligations from being fulfilled. *Davis v. Nadrich*, 174 Cal. App. 4th 1, 10-11 (2009) (interference claim failed because plaintiff did not provide any facts demonstrating that defendant was sufficiently aware of the terms of the contract to form a specific intent to harm it). Based upon the foregoing, the Defendant's motion to dismiss Plaintiffs' claim for tortious interference with contract is hereby **GRANTED**, with leave to amend.

---

[5] *Davis*, 174 Cal. App. 4th at 10 (dismissing interference with contract claim where plaintiff failed to demonstrate that the actions allegedly induced by defendants breached plaintiff's contract).

### V.   *Breach of Implied Warranty of Fitness for Particular Purpose and Breach of the Implied Covenant of Good Faith and Fair Dealing.*

The Court previously dismissed Plaintiffs' fifth cause of action for breach of an implied/equitable contract because it is precluded by the express terms of the software license agreement. Defendant's motion to dismiss was granted with leave to amend, to the extent there is some other subject matter outside the scope of the download license agreement that forms the basis for a claim of this type. Plaintiff now re-alleges this cause of action as a claim for breach of the implied warranty of fitness for a particular purpose and breach of covenant of good faith and fair dealing.

Although Plaintiffs now allege specific types of breaches, their allegations still stem from a breach of an implied/equitable contract. California law is clear that where, as here, there is an express contract that governs the same subject matter as an implied contract, the express contract governs.[6] Plaintiffs' previous allegations of an implied contract were dismissed as precluded by the license agreement. Consequently, Plaintiffs must allege facts that demonstrate subject matter outside the scope of the download license agreement formed the basis for a claim of this type.

Here, Plaintiffs allege "there existed by conduct, prior course of dealings, and reasonable consumer expectations an implied by law and/or equitable contract between Plaintiffs and Defendant Apple. . . ." Plaintiffs further allege this implied contract stemmed from Plaintiffs' purchase of an iPhone 3G/3GS device and subsequent contract with AT&T for cellular/data services, for which Defendant "agreed to provide necessary system software so as to allow reasonable functionality, reliability, operability of the device." Plaintiffs' allegations, however, stem from their download of the iOS 4.0. Plaintiffs have failed to allege there exists other subject matter outside the scope of the download license agreement that forms the basis for this claim. Plaintiffs merely attempt to use implied terms to vary the express terms of contract, which is not valid under California law. As the license specifically states that the iOS 4.0 was being provided "as is" and "with all faults," Plaintiffs cannot use an "implied contract" to end-run these provisions.

---

[6] *Berkla v. Corel Corp.*, 302 F.3d 909, 918 (9th Cir. 2002) ("There cannot be a valid, express contract and an implied contract, each embracing the same subject matter, existing at the same time.") (quoting *Wal-Noon Corp. v. Hill*, 45 Cal. App. 3d 605, 613 (1975)); *Metoyer v. Chassman*, 504 F.3d 919, 936-37 (9th Cir. 2007) (same) (citing *Halvorsen v. Aramark Uniform Servs., Inc.*, 65 Cal. App. 4th 1383, 1388 (1998)).

Moreover, "[a]n implied warranty of fitness for a particular purpose arises only where (1) the purchaser at the time of contracting intends to use the goods for a particular purpose, (2) the seller at the time of contracting has reason to know of this particular purpose, (3) the buyer relies on the seller's skill or judgment to select or furnish goods suitable for the particular purpose, and (4) the seller at the time of contracting has reason to know that the buyer is relying on such skill and judgment." *Keith v. Buchanan*, 173 Cal. App. 3d 13, 25 (Ct. App. 1985).

Here, Plaintiffs fail to allege facts to meet any of the required elements. Also, based on the SAC, it is difficult to decipher which allegations are meant to support a specific claim. Plaintiffs' SAC must contain factual allegations that are succinct and yet sufficient to support the alleged causes of action. Plaintiffs were instructed to identify subject matter outside the scope of the download license agreement when amending this claim. Plaintiffs failed to do so and instead provided conclusory allegations regarding Defendant concealing the true nature of the iOS 4.0 Operating system software. Accordingly, Defendant's motion to dismiss this claim is hereby **GRANTED**, with leave to amend. *Hatch v. Reliance Ins. Co.,* 758 F.2d 409 (9th Cir. 1985) (affirming dismissal of complaint that was confusing and conclusory); *Nevijel v. North Coast Life Ins.,* 651 F.2d 671 (9th Cir. 1981) (affirming dismissal of complaint that was "verbose, confusing and conclusory").

### *Conclusion*

For the reasons set forth above, Defendant's motion to dismiss, [Doc. No. 33], is hereby **GRANTED IN PART AND DENIED IN PART** as set forth above. Defendant's request for judicial notice is DENIED. If Plaintiffs wish to amend, they must file a Third Amended Complaint within thirty (30) days of the date this Order.

IT IS SO ORDERED.

DATED: April 25, 2012

Hon. Anthony J. Battaglia
U.S. District Judge