1   PENELOPE A. PREOVOLOS (CA SBN 87607)
    PPreovolos@mofo.com
2   ANDREW DAVID MUHLBACH (CA SBN 175694)
    AMuhlbach@mofo.com
3   ALEXEI KLESTOFF (CA SBN 224016)
    AKlestoff@mofo.com
4   MORRISON & FOERSTER LLP
    425 Market Street
5   San Francisco, California  94105-2482
    Telephone: 415.268.7000
6   Facsimile: 415.268.7522

7   Attorneys for Defendant
    APPLE INC.

8

9                    UNITED STATES DISTRICT COURT

10                  SOUTHERN DISTRICT OF CALIFORNIA

11

12   BIANCA WOFFORD and SUZANN LENNOX,        Case No. 11-CV-0034 AJB WVG
     on behalf of themselves, and all others similarly
13   situated,                                 **ANSWER TO SECOND
                                                AMENDED COMPLAINT**
14                        Plaintiffs,
                                                **DEMAND FOR JURY TRIAL**
15          v.

16   APPLE INC., a California corporation; and DOES
     1 through 100, inclusive,
17   Defendants.

18

19

20

21

22

23

24

25

26

27

28

sf-3103947

1    Defendant Apple Inc. ("Apple"), by and through its attorneys, answers the Second Amended

2  Complaint ("SAC") filed by Plaintiffs Bianca Wofford and Suzann Lennox as follows:

3                                    **<u>INTRODUCTION</u>**

4        1.    Responding to paragraph 1 of the SAC, Apple states that insofar as the allegations in

5  paragraph 1 state conclusions of law, no response thereto is required.  Apple admits it released

6  iOS 4.0 in June 2010, and that, in June 2010, AT&T Mobility was the exclusive authorized carrier for

7  wireless service to iPhone users in the United States.  Apple is without knowledge or information

8  sufficient to form a belief as to the truth of the averments in paragraph 1 regarding the performance

9  of plaintiffs' iPhones and on that basis denies the averments.  Except as expressly stated, Apple

10  denies each and every averment contained in paragraph 1.

11        2.    Apple denies each and every averment contained in paragraph 2.

12        3.    Responding to paragraph 3 of the SAC, Apple states that insofar as the allegations in

13  paragraph 3 state conclusions of law, no response thereto is required.  Except as expressly stated,

14  Apple denies each and every averment contained in paragraph 3.

15        4.    Responding to paragraph 4 of the SAC, Apple states that insofar as the allegations in

16  paragraph 4 state conclusions of law, no response thereto is required.  Apple admits that the

17  allegations in this paragraph purport to cite two discussion threads at

18  https://discussions.apple.com/thread and that, if and to the extent that such documents are ever held to

19  be admissible, such documents will speak for themselves.  Apple is without knowledge or

20  information sufficient to form a belief as to the truth of the averments in paragraph 4 regarding

21  plaintiffs' purchase of products and services through their iTunes account and their loading of their

22  iPhones with music, media, and applications, and on that basis denies the averments.  Except as

23  expressly stated, Apple denies each and every averment contained in paragraph 4.

24        5.    Apple denies each and every averment contained in paragraph 5.

25        6.    Apple admits that iPhone users who installed iOS 4.0 could not later install previous

26  versions of iOS.  Except as expressly stated, Apple denies each and every averment contained in

27  paragraph 6.

28

ANSWER TO SECOND AMENDED COMPLAINT
CASE NO. 11-CV-0034 AJB WVG

7.      Responding to paragraph 7 of the SAC, Apple states that insofar as the allegations in paragraph 7 state conclusions of law, no response thereto is required.  Apple admits that the original iPhone was released in 2007; that Apple has sold the iPhone 3G and the iPhone 3GS in the United States and in various other countries; that worldwide sales of iPhone 3G and iPhone 3GS exceed two million units; and that the iPhone 4 and iOS 4.0 were released in June 2010.  Except as expressly stated, Apple denies each and every averment contained in paragraph 7.

8.      Apple denies each and every averment contained in paragraph 8.

9.      Responding to paragraph 9 of the SAC, Apple states that insofar as the allegations in paragraph 9 state conclusions of law, no response thereto is required.  Apple further states that plaintiffs purport to bring a class action against Apple.  Apple denies that class treatment is appropriate.

10.     Responding to paragraph 10 of the Complaint, Apple states that plaintiffs purport to bring a class action against Apple and seek to represent a purported class as stated.  Apple denies that class treatment is appropriate.

11.     Responding to paragraph 11 of the Complaint, Apple states that plaintiffs purport to bring a class action against Apple and seek to represent a purported class as stated.  Apple denies that class treatment is appropriate.

12.     Responding to paragraph 12 of the Complaint, Apple states that plaintiffs purport to bring a class action against Apple and seek to represent a purported class as stated.  Apple denies that class treatment is appropriate.

13.     Responding to paragraph 13 of the Complaint, Apple states that plaintiffs purport to bring a class action against Apple and seek to represent a purported class as stated.  Apple denies that class treatment is appropriate.

## JURISDICTION AND VENUE

14.     Responding to paragraph 14 of the SAC, Apple states that insofar as the allegations in paragraph 14 state conclusions of law, no response thereto is required.  Apple admits it removed this case to the Southern District of California pursuant to the Class Action Fairness Act and that no individual claim in the action, including those of plaintiffs Wofford and Lennox, has an amount in

ANSWER TO SECOND AMENDED COMPLAINT
CASE NO. 11-CV-0034 AJB WVG

1   controversy of $75,000 or more.  Except as expressly stated, Apple denies each and every averment

2   contained in paragraph 14.

3          15.    Responding to paragraph 15 of the SAC, Apple states that insofar as the allegations in

4   paragraph 15 state conclusions of law, no response thereto is required.  Apple is without knowledge

5   or information sufficient to form a belief as to the truth of the averments in paragraph 15 regarding

6   plaintiffs' residences, and on that basis denies the averments.  Apple admits that it transacts business

7   in San Diego County and in California.  Except as expressly stated, Apple denies each and every

8   averment contained in paragraph 15.

9                                    **THE PARTIES**

10          16.    Responding to paragraph 16 of the SAC, Apple states that insofar as the allegations in

11   paragraph 16 state conclusions of law, no response thereto is required.  Apple admits that it maintains

12   records that would show the serial number of iPhones plaintiff Wofford purchased directly from

13   Apple.  Apple is without knowledge or information sufficient to form a belief as to the truth of the

14   averments in paragraph 16 regarding plaintiff Wofford's citizenship, residence, use of her iTunes

15   account, installation of any software on her iPhone, the performance of her iPhones, and her

16   understanding regarding software updates, and on that basis denies the averments.  Except as

17   expressly stated, Apple denies each and every averment contained in paragraph 16.

18          17.    Responding to paragraph 17 of the SAC, Apple states that insofar as the allegations in

19   paragraph 17 state conclusions of law, no response thereto is required.  Apple is without knowledge

20   or information sufficient to form a belief as to the truth of the averments in paragraph 17 regarding

21   plaintiff Lennox's citizenship, residence, use of her iTunes account, installation of any software on

22   her iPhone, the performance of her iPhones, and her understanding regarding software updates, and

23   on that basis denies the averments.  Except as expressly stated, Apple denies each and every

24   averment contained in paragraph 17.

25          18.    Responding to paragraph 18 of the Complaint, Apple states that "Apple Inc." is

26   incorporated in California.  Apple further states that its executive offices and corporate headquarters

27   are located in Cupertino, California, and that it conducts certain business activities in California and

28

certain other states in the United States.  Except as expressly stated, Apple denies each and every averment contained in paragraph 18.

19.    Apple is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 19 regarding Doe defendants and on that basis denies the averments. Except as expressly stated, Apple denies each and every averment contained in paragraph 19.

**STANDING - INJURY IN FACT SUFFERED BY PLAINTIFFS**

20.    Responding to paragraph 20 of the SAC, Apple states that insofar as the allegations in paragraph 20 state conclusions of law, no response thereto is required.  Apple is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 20 regarding plaintiffs' AT&T contracts, use of their iTunes accounts, use of their iPhones, and installation of any software on their iPhones, and on that basis denies the averments.  Apple admits that iTunes software running on a computer will under certain circumstances notify iPhone users of the availability of software updates that may be downloaded.  Except as expressly stated, Apple denies each and every averment contained in paragraph 20.

21.    Apple is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 21 regarding plaintiffs' download and installation of iOS 4.0, and on that basis denies the averments.  Except as expressly stated, Apple denies each and every averment contained in paragraph 21.

22.    Apple is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 22 and on that basis denies the averments.

23.    Apple admits that AT&T Mobility was the exclusive authorized carrier for wireless service to iPhone users in the United States in 2010.  Except as expressly stated, Apple denies each and every averment contained in paragraph 23.

24.    Responding to paragraph 24 of the SAC, Apple states that insofar as the allegations in paragraph 24 state conclusions of law, no response thereto is required.  Except as expressly stated, Apple denies each and every averment contained in paragraph 24.

**GENERAL ALLEGATIONS**

25.    Apple is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 25 and on that basis denies the averments.

26.    Apple is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 26 regarding plaintiffs' calculation as to when iOS 4.0 would be available to them, the operation of plaintiffs' iPhone devices, and plaintiffs' satisfaction with those devices, and on that basis denies the averments.  Except as expressly stated, Apple denies each and every averment contained in paragraph 26.

27.    Apple admits that it maintains a website discussion board where registered users can post questions and comments.  Apple is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 27 regarding the operation of plaintiffs' iPhones after installation of iOS 4.0 and on that basis denies the averments.  Except as expressly stated, Apple denies each and every averment contained in paragraph 27.

28.    Apple denies each and every averment contained in paragraph 28.

29.    Apple denies each and every averment contained in paragraph 29.

**CLASS ACTION ALLEGATIONS**

30.    Responding to paragraph 30 of the Complaint, Apple states that plaintiffs purport to bring a class action against Apple and seek to represent a purported class as stated.  Apple denies that class treatment is appropriate.  Except as expressly stated, Apple denies each and every averment contained in paragraph 30.

31.    Responding to paragraph 31 of the Complaint, Apple states that plaintiffs purport to bring a class action against Apple and seek to represent a purported class as stated.  Apple denies that class treatment is appropriate.

32.    Responding to paragraph 32 of the Complaint, Apple states that plaintiffs purport to bring a class action against Apple and seek to represent a purported class as stated.  Apple denies that class treatment is appropriate.

33.     Responding to paragraph 33 of the Complaint, Apple states that plaintiffs purport to bring a class action against Apple and seek to represent a purported class as stated.  Apple denies that class treatment is appropriate.

34.     Responding to paragraph 34 of the Complaint, Apple states that plaintiffs purport to bring a class action against Apple and seek to represent a purported class as stated.  Apple denies that class treatment is appropriate.

35.     Responding to paragraph 35 of the Complaint, Apple states that plaintiffs purport to bring a class action against Apple and seek to represent a purported class as stated.  Apple denies that class treatment is appropriate.

36.     Apple denies each and every averment contained in paragraph 36.

37.     Apple denies each and every averment contained in paragraph 37.

38.     Apple denies each and every averment contained in paragraph 38.

39.     Apple denies each and every averment contained in paragraph 39.

40.     Apple denies each and every averment contained in paragraph 40.

41.     Apple denies each and every averment contained in paragraph 41.

42.     Apple denies each and every averment contained in paragraph 42.

43.     Apple denies each and every averment contained in paragraph 43.

44.     Apple denies each and every averment contained in paragraph 44.

45.     Apple denies each and every averment contained in paragraph 45.

46.     Apple denies each and every averment contained in paragraph 46.

**FIRST CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA CIVIL CODE SECTION 1780**
**The Consumer's Legal Remedies Act ("CLRA")**
**(Plaintiff WOFFORD and each Member of Plaintiff Class I and II (California) against Defendant)**

47.     Responding to paragraph 47 of the SAC, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

48.     Responding to paragraph 48 of the SAC, Apple states that plaintiffs' CLRA claim has been dismissed with prejudice and thus no response is required.  However, in an abundance of

caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 48.

49.     Responding to paragraph 49 of the SAC, Apple states that plaintiffs' CLRA claim has been dismissed with prejudice and thus no response is required.  However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 49.

50.     Responding to paragraph 50 of the SAC, Apple states that plaintiffs' CLRA claim has been dismissed with prejudice and thus no response is required.  However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 50.

51.     Responding to paragraph 51 of the SAC, Apple states that plaintiffs' CLRA claim has been dismissed with prejudice and thus no response is required.  However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 51.

52.     Responding to paragraph 52 of the SAC, Apple states that plaintiffs' CLRA claim has been dismissed with prejudice and thus no response is required.  However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 52.

53.     Responding to paragraph 53 of the SAC, Apple states that plaintiffs' CLRA claim has been dismissed with prejudice and thus no response is required.  However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 53.

54.     Responding to paragraph 54 of the SAC, Apple states that plaintiffs' CLRA claim has been dismissed with prejudice and thus no response is required.  However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 54.

55.     Responding to paragraph 55 of the SAC, Apple states that plaintiffs' CLRA claim has been dismissed with prejudice and thus no response is required.  However, in an abundance of

1  caution, to the extent a response is deemed required, Apple denies each and every averment contained

2  in paragraph 55.

3      56.     Responding to paragraph 56 of the SAC, Apple states that plaintiffs' CLRA claim has

4  been dismissed with prejudice and thus no response is required.  However, in an abundance of

5  caution, to the extent a response is deemed required, Apple denies each and every averment contained

6  in paragraph 56.

7      57.     Responding to paragraph 57 of the SAC, Apple states that plaintiffs' CLRA claim has

8  been dismissed with prejudice and thus no response is required.  However, in an abundance of

9  caution, to the extent a response is deemed required, Apple denies each and every averment contained

10  in paragraph 57.

11     58.     Responding to paragraph 58 of the SAC, Apple states that plaintiffs' CLRA claim has

12  been dismissed with prejudice and thus no response is required.  However, in an abundance of

13  caution, to the extent a response is deemed required, Apple admits that it released a new version of

14  the iOS software, iOS 4.1, in September 2010, and denies each and every remaining averment

15  contained in paragraph 58.

16 **SECOND CAUSE OF ACTION**
**VIOLATION OF THE UNFAIR COMPETITION LAW**

17 **(Business & Professions Code Section 17200, et seq.)**
**(Plaintiffs WOFFORD, LENNOX and each Member of Plaintiff Class I & II (California)**

18 **against Defendant)**

19     59.     Responding to paragraph 59 of the SAC, Apple realleges and incorporates by

20  reference each and every preceding paragraph of this Answer as if fully set forth herein.

21     60.     Responding to paragraph 60 of the SAC, Apple states that plaintiffs' UCL claim has

22  been dismissed with prejudice and thus no response is required.  However, in an abundance of

23  caution, to the extent a response is deemed required, Apple denies each and every averment contained

24  in paragraph 60.

25     61.     Responding to paragraph 61 of the SAC, Apple states that plaintiffs' UCL claim has

26  been dismissed with prejudice and thus no response is required.  However, in an abundance of

27  caution, to the extent a response is deemed required, Apple denies each and every averment contained

28  in paragraph 61.

ANSWER TO SECOND AMENDED COMPLAINT
CASE NO. 11-CV-0034 AJB WVG

62.     Responding to paragraph 62 of the SAC, Apple states that plaintiffs' UCL claim has been dismissed with prejudice and thus no response is required.  However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 62.

63.     Responding to paragraph 63 of the SAC, Apple states that plaintiffs' UCL claim has been dismissed with prejudice and thus no response is required.  However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 63.

64.     Responding to paragraph 64 of the SAC, Apple states that plaintiffs' UCL claim has been dismissed with prejudice and thus no response is required.  However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 64.

65.     Responding to paragraph 65 of the SAC, Apple states that plaintiffs' UCL claim has been dismissed with prejudice and thus no response is required.  However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 65.

66.     Responding to paragraph 65 of the SAC, Apple states that plaintiffs' UCL claim has been dismissed with prejudice and thus no response is required.  However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 66.

67.     Responding to paragraph 67 of the SAC, Apple states that plaintiffs' UCL claim has been dismissed with prejudice and thus no response is required.  However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 67.

68.     Responding to paragraph 68 of the SAC, Apple states that plaintiffs' UCL claim has been dismissed with prejudice and thus no response is required.  However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 68.

69.     Responding to paragraph 69 of the SAC, Apple states that plaintiffs' UCL claim has been dismissed with prejudice and thus no response is required.  However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 69.

### THIRD CAUSE OF ACTION
**FALSE AND DECEPTIVE ADVERTISING**
**(Business & Professions Code Section 17500, et seq.)**
**(Plaintiffs and each Member of Plaintiff Class I & II (California) against Defendant)**

70.     Responding to paragraph 70 of the SAC, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

71.     Responding to paragraph 71 of the SAC, Apple states that insofar as the allegations in paragraph 71 state conclusions of law, no response thereto is required.  Except as expressly stated, Apple denies each and every averment contained in paragraph 71.

72.     Responding to paragraph 72 of the SAC, Apple states that insofar as the allegations in paragraph 72 state conclusions of law, no response thereto is required.  Except as expressly stated, Apple denies each and every averment contained in paragraph 72.

73.     Apple denies each and every averment contained in paragraph 73.

74.     Apple denies each and every averment contained in paragraph 74.

75.     Apple denies each and every averment contained in paragraph 75.

76.     Apple is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 76 regarding the operation of plaintiffs' iPhones and on that basis denies the averments.  Except as expressly stated, Apple denies each and every averment contained in paragraph 76.

77.     Apple is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 77 regarding the operation of plaintiffs' iPhones and on that basis denies the averments.  Except as expressly stated, Apple denies each and every averment contained in paragraph 77.

78.     Apple is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 78 regarding the operation of plaintiffs' iPhones and on that basis denies

1    the averments.  Except as expressly stated, Apple denies each and every averment contained in

2    paragraph 78.

3        79.    Apple is without knowledge or information sufficient to form a belief as to the truth of

4    the averments in paragraph 79 regarding the operation of plaintiffs' iPhones and on that basis denies

5    the averments.  Except as expressly stated, Apple denies each and every averment contained in

6    paragraph 79.

7        80.    Apple is without knowledge or information sufficient to form a belief as to the truth of

8    the averments in paragraph 80 regarding the operation of plaintiffs' iPhones and on that basis denies

9    the averments.  Except as expressly stated, Apple denies each and every averment contained in

10   paragraph 80.

11       81.    Apple denies each and every averment contained in paragraph 81.

12       82.    Apple denies each and every averment contained in paragraph 82.  Apple denies that

13   plaintiffs or the members of the purported class have been injured or damaged in any way and further

14   denies that plaintiffs or the members of the purported class are entitled to relief of any kind.

15       83.    Apple denies each and every averment contained in paragraph 83.  Apple denies that

16   plaintiffs or the members of the purported class have been injured or damaged in any way and further

17   denies that plaintiffs or the members of the purported class are entitled to relief of any kind.

**FOURTH CAUSE OF ACTION**
**INTENTIONAL INTERFERENCE WITH EXISTING CONTRACT**
**(Plaintiffs WOFFORD, LENNOX and Plaintiff Classes I-IV (California and Nationwide)**
**against Defendant)**

20       84.    Responding to paragraph 84 of the SAC, Apple realleges and incorporates by reference

21   each and every preceding paragraph of this Answer as if fully set forth herein.

22       85.    Responding to paragraph 85 of the SAC, Apple states that plaintiffs' interference with

23   contract claim has been dismissed and thus no response is required.  However, in an abundance of

24   caution, to the extent a response is deemed required, Apple denies each and every averment contained

25   in paragraph 85.

26       86.    Responding to paragraph 86 of the SAC, Apple states that plaintiffs' interference with

27   contract claim has been dismissed and thus no response is required.  However, in an abundance of

28

caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 86.

87.    Responding to paragraph 87 of the SAC, Apple states that plaintiffs' interference with contract claim has been dismissed and thus no response is required. However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 87.

88.    Responding to paragraph 88 of the SAC, Apple states that plaintiffs' interference with contract claim has been dismissed and thus no response is required.  However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 88.

89.    Responding to paragraph 89 of the SAC, Apple states that plaintiffs' interference with contract claim has been dismissed and thus no response is required.  However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 89.

90.    Responding to paragraph 90 of the SAC, Apple states that plaintiffs' interference with contract claim has been dismissed and thus no response is required.  However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 90.

91.    Responding to paragraph 91 of the SAC, Apple states that plaintiffs' interference with contract claim has been dismissed and thus no response is required.  However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 91.

92.    Responding to paragraph 92 of the SAC, Apple states that plaintiffs' interference with contract claim has been dismissed and thus no response is required.  However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 92.

93.    Responding to paragraph 93 of the SAC, Apple states that plaintiffs' interference with contract claim has been dismissed and thus no response is required.  However, in an abundance of

caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 93.

94.     Responding to paragraph 94 of the SAC, Apple states that plaintiffs' interference with contract claim has been dismissed and thus no response is required.  However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 94.

95.     Responding to paragraph 95 of the SAC, Apple states that plaintiffs' interference with contract claim has been dismissed and thus no response is required.  However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 95.

96.     Responding to paragraph 96 of the SAC, Apple states that plaintiffs' interference with contract claim has been dismissed and thus no response is required.  However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 96.

97.     Responding to paragraph 97 of the SAC, Apple states that plaintiffs' interference with contract claim has been dismissed and thus no response is required.  However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 97.

98.     Responding to paragraph 98 of the SAC, Apple states that plaintiffs' interference with contract claim has been dismissed and thus no response is required.  However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 98.

99.     Responding to paragraph 99 of the SAC, Apple states that plaintiffs' interference with contract claim has been dismissed and thus no response is required.  However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 99.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIFTH CAUSE OF ACTION
### BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AND BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
### (Plaintiffs WOFFORD, LENNOX and Plaintiff Classes I-IV (California and Nationwide) against Defendant)

100.    Responding to paragraph 100 of the SAC, Apple realleges and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

101.    Responding to paragraph 101 of the SAC, Apple states that plaintiffs' breach of the implied warranty of fitness for a particular purpose and breach of covenant of good faith and fair dealing claims have been dismissed and thus no response is required.  However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 101.

102.    Responding to paragraph 102 of the SAC, Apple states that plaintiffs' breach of the implied warranty of fitness for a particular purpose and breach of covenant of good faith and fair dealing claims have been dismissed and thus no response is required.  However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 102.

103.    Responding to paragraph 103 of the SAC, Apple states that plaintiffs' breach of the implied warranty of fitness for a particular purpose and breach of covenant of good faith and fair dealing claims have been dismissed and thus no response is required.  However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 103.

104.    Responding to paragraph 104 of the SAC, Apple states that plaintiffs' breach of the implied warranty of fitness for a particular purpose and breach of covenant of good faith and fair dealing claims have been dismissed and thus no response is required.  However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 104.

105.    Responding to paragraph 105 of the SAC, Apple states that plaintiffs' breach of the implied warranty of fitness for a particular purpose and breach of covenant of good faith and fair

dealing claims have been dismissed and thus no response is required.  However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 105.

106.   Responding to paragraph 106 of the SAC, Apple states that plaintiffs' breach of the implied warranty of fitness for a particular purpose and breach of covenant of good faith and fair dealing claims have been dismissed and thus no response is required.  However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 106.

107.   Responding to paragraph 107 of the SAC, Apple states that plaintiffs' breach of the implied warranty of fitness for a particular purpose and breach of covenant of good faith and fair dealing claims have been dismissed and thus no response is required.  However, in an abundance of caution, to the extent a response is deemed required, Apple denies each and every averment contained in paragraph 107.

## **PRAYER FOR RELIEF**

Apple denies that plaintiffs' purported class is certifiable or that plaintiffs or the members of the purported class suffered injury or damage, and further denies that plaintiffs or the members of the purported class are entitled to relief of any kind.

## **AFFIRMATIVE DEFENSES**

As to affirmative defenses to the SAC, Apple does not, by stating the matters set forth in these defenses, allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters, and does not assume the burden of proof or persuasion as to any matters as to which plaintiffs have the burden of proof or persuasion.

## **FIRST AFFIRMATIVE DEFENSE**

### **(Failure to State a Claim)**

1.   The SAC fails to state facts sufficient to constitute a cause of action against Apple.

ANSWER TO SECOND AMENDED COMPLAINT
CASE NO. 11-CV-0034 AJB WVG

**SECOND AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

2.    The claims of the purported class are barred, in whole or in part, because members of the purported class lack standing to assert the cause of action alleged in the Complaint.

**THIRD AFFIRMATIVE DEFENSE**

**(Waiver)**

3.    The SAC is barred, in whole or in part, by the doctrine of waiver.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

4.    Plaintiffs and the purported class have failed to mitigate the harm they claim to have sustained, if any.

**FIFTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

5.    Plaintiffs' claims, and those of the purported class, are barred, in whole or in part, by their own comparative fault.

**SIXTH AFFIRMATIVE DEFENSE**

**(Constitutional)**

6.    The claims of plaintiffs and the purported class are in contravention of Apple's rights under applicable clauses of the United States and California Constitutions, including without limitation the following provisions:  (a) said claims constitute an impermissible burden on interstate commerce in contravention of Article I, Section 8 of the United States Constitution; (b) said claims violate Apple's right to Due Process under the Fourteenth Amendment of the United States Constitution; (c) said claims contravene the constitutional prohibition against vague and overbroad laws; (d) such claims contravene freedom of speech rights under the California Constitution and the First and Fourteenth Amendments to the United States Constitution; and (e) said claims contravene the Due Process Clause of the California Constitution.

Apple reserves the right to assert other defenses as discovery progresses.

**PRAYER**

WHEREFORE, Apple prays for judgment as follows:

1.   That plaintiffs and the purported class take nothing by way of the SAC;

2.   That the SAC be dismissed with prejudice and judgment be entered in favor of Apple;

3.   That Apple be awarded its costs of suit; and

4.   For such other and further relief as the Court deems just and proper.

Dated: June 8, 2012                    PENELOPE A. PREOVOLOS
                                       ANDREW DAVID MUHLBACH
                                       ALEXEI KLESTOFF
                                       MORRISON & FOERSTER LLP


                                       By:   /s/ Penelope A. Preovolos
                                             PENELOPE A. PREOVOLOS

                                             Attorneys for Defendant
                                             APPLE INC.